## EBE TYRE *vs.* LEVIN CAUSEY.

A mere affirmation of the soundness of a horse, at the time of sale, is *not* a *warranty*, unless so intended.
But, if it be wilfully false, it is actionable; and the remedy is in *case* for *deceit*.
A warranty enters into the contract, and the remedy is either in *assumpsit* or *case*.
Where there is a warranty, it matters not whether the seller knew his statement to be untrue, or not.
In *case* for deceit, a count in trover may be added.

This was an action on the case for deceit and false representation in the exchange of horses; with a count in trover for a pair of oxen.

As a part of the defence, it was proposed to prove that the plaintiff was a skilful judge of horses; on the ground, that, as the action was for deceit and imposition, it was important to know whether Tyre was a man likely to be imposed upon; to which it was replied, that as the gist of the action was the falsehood of defendant's representations, it was no matter whether the party to whom the warranty was made was skilful or otherwise. The court overruled the question.

*Cullen* and *Saulsbury*, for defendant.—The action is in case for deceit; not in assumpsit on the warranty. In the latter action, if the warranty enter into the contract the plaintiff will recover on proof of the warranty, whether the defendant *knew* the defect or not. Not

so in the action of deceit. There the plaintiff must prove the *scienter;* that the defendant knew the defect, and *intended* to cheat plaintiff by the false representation. In either form of action plaintiff must prove the unsoundness, or that the representations were not true; which is not proved here. Defects open to view are not within the warranty. (*Ross on Vend.* 174, 338; 2 *Steph. N. P.* 1285.)

Neither will trover lie as on a rescinding the contract; for the property in the horse is changed by the exchange. (2 *Steph. N. P.* 1296-7.) The first count affirms the contract, and seeks damages on account of it; the second seeks to disaffirm the contract, and recover back the oxen. These are improperly joined.

*Layton,* for plaintiff.—Whatever the vendor represents at the time of sale is a warranty. (2 *Steph. N. P.* 1289; 3 *Stark. Ev.* 1261.)

As to the joinder of the count in trover, with case for the deceit, it is proper; (1 *Ch. Pl.* 201;) and, if it were defective, objection cannot be taken now.

*By the Court.*—A mere assertion by the seller that a horse is sound, is not a warranty, *unless intended as such.* (3 *Stark. Ev.* 1661, *n.;*) and the only remedy for such misrepresentation is in *case* for the deceit; where it must be proved that the seller knew of the falsehood of his statement, and intended to deceive. (2 *Steph. N. P.* 1286; 3 *Stark. Ev.* 1660; 1 *Wh. Selw.* 647.)

A mere affirmation is a warranty, *if so intended;* in which case, or where there is an express warranty, it enters into the contract; and the best action is assumpsit for breach of the contract, though case for breach of warranty will still lie. (2 *East's Rep.* 446.) And where the action is for a breach of warranty, whether its form be assumpsit or case, it matters not whether the seller *knew* his statement to be untrue or not.

Where the action is case for deceit, a count in trover may be added. (3 *Chit. Plead.* 390.)

Verdict for plaintiff.

*Layton,* for plaintiff.
*Cullen* and *Saulsbury,* for defendant.